In re Franklin Leroy CASEY and Linda Ann Casey, aka Linda Ann Drain, dba Casey's Auto, dba Casey Properties, fdba Franklin Casey, M.D., Debtors.

Bankruptcy No. 92–40333.

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Oct. 31, 1994.

Franklin Harris Hytken, Hytken & Mosher, L.L.P., Dallas, TX, for debtor-applicant.

Mary Casey Newton, Dallas, TX, for debtor-Objecting Party.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

The Application for Interim Compensation for Counsel to Debtors ("Application"), filed by Franklin Harris Hytken ("Applicant"), came on for hearing pursuant to regular setting. This opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

Debtors retained Applicant in late March, 1992, to represent them in their bankruptcy. Debtors paid Applicant a retainer of $15,000 with the understanding, at that time, that Applicant would be able to handle all aspects of the bankruptcy case.

There were several adversary cases involved, in which Debtors had already agreed to be represented by Emil Lippe, Jr. Mr. Lippe had represented Debtors in these matters prior to bankruptcy.

Debtors filed their voluntary petition and schedules on March 30, 1992. Shortly thereafter, Applicant informed Debtors that he would be obtaining the assistance of Herman A. Lusky in certain matters relating to the bankruptcy case.

In fact, Mr. Lusky essentially took over the representation of Debtors in the bankruptcy case at that point. From that point on, when Debtors called Applicant with a question, he referred them to Mr. Lusky. Mr. Lusky prepared and filed virtually all of the pleadings in this case. Mr. Lusky conducted all of the hearings in the case.

Applicant was primarily responsible for obtaining the information from the Debtors necessary to complete the schedules. The hearing also established that Applicant was responsible for conducting and responding to some of the discovery in this case. It is clear that applicant's involvement in the discovery was minimal.

Mr. Lusky and Mr. Lippe have previously filed fee applications which have been approved by the Court in the amounts of $5,875.45 and $33,560.68, respectively.

Applicant has filed this Application requesting $33,857.00 in fees and $1,080.86 in expenses. Applicant also requests interest, at the rate of 10%, on any award by the Court.

Debtors object to the Application on two grounds. First, that Applicant's fees are duplicative of fees already awarded to Mr. Lusky and Mr. Lippe and, second, that the work being billed for was actually performed by Mr. Lusky.

### DISCUSSION

 The Court does not question whether Applicant actually spent the time represented in the Application. The question is whether the time spent constituted services necessary to the administration of the bankruptcy case and whether they provided a clear benefit to the estate. The Court cannot award duplicative fees for compensation. *Matter of First Colonial Corp. of America,* 544 F.2d 1291, 1299 (5th Cir.1977).

The Court finds that Debtors were receiving adequate representation in the bankruptcy case from Mr. Lusky. Mr. Lusky was filing pleadings, corresponding with the Debtors, and conducting hearings. Likewise, the Court believes that Debtors were receiving adequate representation in the adversaries from Mr. Lippe.

The Application reveals that the majority of Applicant's fees were incurred as a result of correspondence between Applicant and Mr. Lusky and Mr. Lippe. Such correspondence between attorneys must be kept to a minimum. Although the purpose of such communication may have been to keep Applicant abreast of the progress of the case, the Court can find no benefit to the estate. Mr. Lusky and Mr. Lippe were handling the case, corresponding with a third attorney simply to keep him informed of their work can provide no benefit to the estate. Also, the Court finds that the numerous time entries for time spent attending various hearings is not compensable. Applicant did not conduct any of the hearings and the Court can discern no benefit from his presence in Court as an observer.

As noted above, early in the case, Applicant was responsible for obtaining information from the Debtors to complete the schedules and was responsible for certain discovery in the case. The Court has reviewed the Application and determined that the total time to be allowed for such activities is twenty-eight (28) hours.

Applicant has charged Debtors an hourly rate of $180 per hour. The Court recognizes that rates allowed for similar cases in the Eastern District range from $150–$180 per hour. Based on Applicant's experience, knowledge and performance in this case, the Court believes that $165 per hour is the maximum rate that can be charged.

The Court will allow Applicant's expenses of $1,080.86. However, the Court declines to award interest in this case. Applicant argues that Debtors should pay interest because they had use of the money in the interim. However, Debtors did not have use of the money because it was in Applicant's trust account. Moreover, it was Applicant's decision to forestall filing a fee application, despite Debtors' numerous requests that he file one. Therefore, Debtors should not be penalized for Applicant's negligence.

For the reasons stated in this opinion, the Application is hereby GRANTED in the amounts of $4,620.00 in attorney fees and $1,080.86 in expenses. It is further ORDERED that Applicant turnover the remaining retainer to the Trustee in this case. All further requested relief is hereby DENIED.